**E-Filed 1/16/08**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROCKY STEWART WIEBE,<br><br>Defendant. | Case Number C 07-4635/ CR 04-20171(RS)<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255<br><br>[Re: Doc. No. 28] |

On October 26, 2005, Defendant was sentenced in this Court, pursuant to a written plea agreement, on counts one and three of the Indictment, charging him with violations of 8 U.S.C. § 1326 and 18 U.S.C. § 922(g)(5)(a), respectively. Defendant was committed to the custody of the Bureau of Prisons for a term of thirty seven months. Subsequently, on January 25, 2006, Defendant was convicted in the Superior Court of California, County of Riverside of violating Cal. Health and Safety Code § 11378, with an enhancement under Cal. Penal Code § 12022(c) for committing the underlying offense while personally armed with a firearm. Defendant was sentenced to four years and four months in prison for the state offense.

On July, 2007, Defendant filed an untitled document asserting that the spirit of his federal plea agreement had been violated. He asserts that as a condition of his negotiated plea, his

federal time was to run concurrent with whatever time he received in the then-pending state case. This Court issued an Order to Show Cause.

In response the government asserts that Defendant's sentence is well within the applicable guideline range and that at the time Defendant was sentenced on his federal conviction there was no outstanding state conviction for which the Defendant might have received a concurrent sentence. The government also notes that the Defendant finished serving his state sentence on March 2, 2007 and began serving his federal sentence on July 23, 2007, with the result that there no longer is a state sentence with which the federal sentence may be concurrent. Finally the government argues that Defendant's motion is not properly brought under 28 U.S.C. § 2255. Rather, the government argues that Defendant's motion is addressed to the manner in which the sentence was executed by the correctional facility charged with administering the sentence and should have been brought under 28 U.S.C. § 2241. Under the latter provision, the motion should have been filed in the district of confinement, in this case the Eastern District of California. Defendant has not replied to the government's jurisdictional argument.

Having reviewed Defendant's motion and the relevant portions of the record, this Court concludes that Defendant's federal plea agreement does not contain any statement or provision that Defendant's federal time would run concurrently with any sentence Defendant might receive in the then-pending state case. Thus, it does not appear that Defendant's sentence violates the negotiated plea agreement. Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

DATED: January 16, 2008

JEREMY FOGEL
United States District Judge

Case No. C 07-4635
Order Denying Defendant's § 2255 Motion
(JFLC3)

1 | Copies of Order served on:
2 |
3 | United States Attorney
  | 150 Almaden Blvd., Ste. 900
4 | San Jose, CA   94544
5 |
  | Law Offices of Robert W. Lyons
6 | 295 West Winton Ave.
  | Hayward, CA   94544
7 |

3

Case No. C 07-4635
Order Denying Defendant's § 2255 Motion
(JFLC3)